IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTWAUN MAURICE ASHMORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY C. WARD; JERMAINE WHITE; )<br>and JACOB BEASILY, )<br>)<br>Defendants. ) | CV 321-035 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. **SCREENING OF THE AMENDED COMPLAINT**

   A. **BACKGROUND**

Plaintiff names as Defendants: (1) Timothy Ward, Commissioner of Georgia Department of Corrections; (2) Jermaine White, Warden of TSP; and (3) Jacob Beasily, Assistant Warden of TSP. (Doc. no. 11, pp. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On the night of October 27, 2020, a group of inmates stabbed Plaintiff several times in

Dorm D-1.  (Id. at 5.)  TSP was short of staff at the time.  (Id. at 7.)  Medical staff had to stich and staple Plaintiff's injuries.  (Id. at 5.)

Plaintiff filed a grievance and appeal, both of which were denied.  (Id. at 3-4.)  Plaintiff seeks $40,000.00 in both compensatory and punitive damages against each defendant.  (Id. at 8.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it

demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Failure to Protect Claim

Plaintiff, seemingly, alleges his injuries result in part from a lack of staffing at TSP. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  Farmer, 511 U.S. at 828.  Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates.  Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[1]  When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

reasonable protection.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*).  However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured.  It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials."  Gullatte, 654 F.2d at 1012.  "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment.  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'"  Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted).  These three elements are evaluated in part by an objective standard and in part by a subjective standard.  See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).

As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and

---

down prior to October 1, 1981.

> one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal citations and quotations omitted).

Plaintiff's allegations fail to establish any officer was deliberately indifferent to a substantial risk of serious harm or was aware Plaintiff was at substantial risk of attack. Plaintiff does not allege ever being threatened or physically assaulted prior to the incident at hand. In the absence of a particularized threat of an attack, there is no failure to protect claim. See McBride v. Rivers, 170 F. App'x 648, 655 (11th Cir. 2006) (holding plaintiff must allege specific and particularized threat of harm not generalized fear or problems); Carter v. Galloway, 352 F.3d 1346, 1349-1350 (11th Cir. 2003) (same).

### 3. Plaintiff Fails to State a Valid Claim For Conditions of Confinement Based on His Allegations of Limited Security

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014). However, "inmates cannot expect the amenities, conveniences and services

5

of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff has not shown the singular incident rises to the level of violating contemporary standards of decency. "[O]ccasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, [but] confinement in a prison

where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014).

Plaintiff alleges inmates stabbed him; however, Plaintiff fails to provide any details other than the date and his injury. One instance of violence is hardly sufficient to demonstrate violence and terror reigned at TSP. See Rhiner v. Sec'y, Fla. Dept. of Corrs., 817 F. A'ppx 769, 776 (11th Cir. 2020) (finding ten gang related incidents occurring over two years fails to constitute a substantial risk of serious harm); Harrison, 746 F.3d at 1300 (finding thirty-three incidents across three years failed to demonstrate violence and terror reigned).

Plaintiff's generalized and vague allegations of security understaffing does not change the outcome. (Doc. no. 11, p. 7.) The Eleventh Circuit has noted "the Eighth Amendment does not require the uninterrupted personal supervision of all inmates." Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 773 (11th Cir. 2016); see also Purcell v. Toombs County, 400 F.3d 1313, 1323 n.23 ("The Constitution does not require that every inmate in a jail be observed by a guard every twenty minutes."); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (evidence that jailer failed to check on group cell during hour between last check and beating was not sufficient to show deliberate indifference). Therefore, Plaintiff fails to state a valid Eighth Amendment claim based on the prison's security measures.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims based for deliberate indifference, failure to protect, and conditions of

confinement be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of October, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA